CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED
February 13, 2026
LAURA A. AUSTIN, CLERK
BY: s/J.Vasquez
     DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| **ROBERT PRESTON NEAL, SR.,**     ) | |
| Plaintiff,     ) | Civil Action No. 7:25cv494 |
| ) | |
| v.     ) | MEMORANDUM OPINION |
| ) | |
| **ALLEGHANY COUNTY CIR. CT.,**     ) | By: Robert S. Ballou |
| Defendant.     ) | United States District Judge |

Plaintiff Robert Preston Neal, Sr., a Virginia inmate proceeding *pro se*, has filed a civil rights action under 42 U.S.C. § 1983, seeking compensation for 10 months he was held in jail, without bond, before he was found "not guilty" of charges against him. This case is before the court for preliminary screening, as required by 28 U.S.C. § 1915A(a). Because he has sued the wrong party, and because he has not set forth sufficient facts to support a claim for malicious prosecution or false arrest, I will dismiss this case without prejudice to his right to file a suit against the proper party or parties if he chooses to do so.

Section 1983 provides a cause of action against a "person" who, acting under color of state law, violates the constitutional rights of another. 42 U.S.C. § 1983; *Loftus v. Bobzien*, 848 F.3d 278, 284–85 (4th Cir. 2017). Liability under § 1983 is "personal, based upon each defendant's own constitutional violations." *Trulock v. Freeh*, 275 F.3d 391, 402 (4th Cir. 2001). A proper claim requires factual details about actions taken personally by the defendant that violated the plaintiff's rights. *Wilcox v. Brown*, 877 F.3d 161, 170 (4th Cir. 2017). A supervisor or employer cannot be held vicariously liable for the actions of an employee solely because of employment or the supervisory relationship. *King v. Riley*, 76 F.4th 259, 269 (4th Cir. 2023).

A circuit court is not a "person" within the meaning of § 1983. *Black v. Cir. Ct. of Wythe Co.*, No. 7:07-cv-00205, 2007 WL 1289911, at *1 (W.D. Va. May 1, 2007) (citing *Oliva v. Boyer*,

163 F.3d 599, *1 (4th Cir. 1999) (per curiam) (unpublished).).  Further, judges of the court have absolute immunity against claims for damages under § 1983 for any actions taken in their judicial capacity.  *Dennis v. Sparks*, 449 U.S. 24, 28–32 (1980).  Therefore, neither the court nor any judge of the court is a proper defendant in plaintiff's claim for damages.

At common law, Neal might claim, depending upon the facts, "false imprisonment" or "malicious prosecution."  The common law elements of those tort claims are incorporated into a constitutional claim under § 1983 through the Fourth Amendment, which prohibits seizure of a person without probable cause.  *Lambert v. Williams*, 223 F.3d 257, 262–63 (4th Cir. 2000).  False imprisonment addresses detention of a person without legal process, that is, without a warrant.  *Wallace v. Kato*, 549 U.S. 384, 389 (2007).  Once a magistrate has issued an arrest warrant or the defendant has been arraigned on the charges, there is legal process, and any period of false imprisonment has come to an end.  *Id.*

Detention that is caused not by absence of legal process, but by wrongfully bringing legal charges against a defendant, incorporates elements of malicious prosecution into the constitutional claim.  *Id.*  To sustain a claim for violation of the Fourth Amendment under this theory, a plaintiff must allege facts sufficient to show that (1) the defendant initiated or maintained charges against the defendant;[1] (2) the proceedings terminated favorably to the plaintiff; (3) lack of probable cause to support the charges; and (4) the defendant's malice or ill will towards the defendant.  *Lambert*, 223 F.3d at 260.

Neal has alleged facts to support the second element, namely that the charges terminated favorably to him.  He has not identified who initiated the charges against him, whether there was

---

[1] Plaintiff is advised that prosecuting attorneys have absolute immunity for their actions as prosecutors.  *Buckley v. Fitzsimmons*, 509 U.S. 259, 278 (1993).  A state actor who initiates the charges, such as a police officer, can be held liable for malicious prosecution, if the elements are proved.

...

an arrest warrant before his arrest, facts from which the court could conclude that probable cause[2] was lacking, and facts from which one could conclude that the person or persons bringing or maintaining the charges against him held malice towards him.

    For the reasons stated, I will dismiss the Complaint against the Circuit Court of Alleghany County, without prejudice to Neal's right to file a proper claim against the proper defendant(s). A separate order will be issued this day.

Enter:  February 13, 2026

/s/ Robert S. Ballou

Robert S. Ballou
United States District Judge

---

[2] Probable cause is a lower standard than guilt. Acquittal of charges does not by itself mean that probable cause was lacking.

3